IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 0 9 2003

Michael N. Milby
Clerk of Court

NICASIO O. FLORES,

Plaintiffs,

v.                                    CIVIL ACTION No. B-02-232

ELAINE L. CHAO, In Her Official Capacity
as Secretary, United States Department
of Labor,

Defendant.

### DEFENDANT'S MOTION FOR FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e), F.R.C.P.

TO THE HONORABLE JUDGE OF SAID COURT:

ELAINE L. CHAO, In Her Official Capacity as Secretary of the Unites States Department of Labor, Defendant herein, moves this Court for an Order instructing the Plaintiff herein to file a more definite statement indicating the basis of his claim for discrimination. This motion is made pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. In support of this motion, Defendant submits the following for the Court's consideration:

1. In his complaint, Plaintiff alleges the defendant discriminated against him on the basis of his national origin when Defendant "repeatedly denied promotions" for which Plaintiff applied. See paras. 3 and 4 of Plaintiff's Original Complaint.

2. Plaintiff further alleged that he has properly exhausted his administrative remedies and that – as a consequence – this Court has jurisdiction over this suit. See para. 3 of Plaintiff's Original Complaint.

3. The Defendant is attempting to discern what conduct the Plaintiff is alluding to so it may properly address the allegations of discrimination.

4. A computer based search for employment complaint records pertaining to the Plaintiff reveal that the Plaintiff has filed no less than thirteen complaints of employment discrimination since 1995. It is believed that all thirteen of

complaints are discrimination cases based on Plaintiff's non-selection for promotion. Some of these complaints have been resolved; some have not. Some of these complaints are time barred and some are still pending before the Equal Employment Opportunity Commission or Administrative Review Board.

5. Given the Plaintiff's administrative history of employment discrimination complaints, Defendant is genuinely unable to discern what conduct this Plaintiff is complaining of that may be within the jurisdiction of the Court without Plaintiff providing a more definite statement of his claim.

6. In instances where a "complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement under Rule 12(e) F.R.C.P." *Sisk v. Texas Parks and Wildlife Department,* 644 F.2d 1056, 1059 (5th Cir. 1981) citing to 5 Wright & Miller, *Fed. Practice and Procedure: Civil Sec.* 1356 at 590-591.

7. Nonetheless, the Defendant is cognizant that the courts generally disapprove of motions for a more definite statement on the basis that discovery provides opportunity for a defendant to obtain more detailed factual information often sought by Rule 12(e) motions. See, *J & J Manufacturing, Inc. v. Logan,* 24 F.Supp2d 692, 703 (E.D. Texas 1998).

8. However, this Plaintiff's employment complaint history with the Defendant is quite extensive. In order to adequately address the allegations as set forth in Plaintiff's Original Complaint, Defendant will have to locate and gather all thirteen administrative files. It is anticipated that some of these files might be quite voluminous and extensive and may inevitably–after review–be found not to be relevant to the allegations that Plaintiff is alluding to in this Complaint.

9. The Defendant should not be forced to endure this financial and time costly process. Though not directly on point, the Fifth Circuit suggested that one way to avoid costly discovery when dealing with qualified immunity issues was to require a Plaintiff, through a Rule 12(e) motion to "set forth particular facts which

establish his right to recovery." *Sutton v. United States*, 819 F.2d 1289, 1300 (5th Cir. 1987). It follows then that the government should not be forced to endure the expense of gathering and researching several administrative complaint files just to try and figure out what conduct or incident he may be complaining about in this lawsuit.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court issue and Order directing the Plaintiff to amend his pleading to include enough factual information so as to allow the Defendant to frame a response to not just the factual allegations of Plaintiff's complaint, but the jurisdictional allegations as well.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

NANCY L. MASSO
Assistant U.S. Attorney
600 E. Harrison, #201
Brownsville, TX 78520
Tel:  (956) 548-2554; Fax: (956) 548-2549
Texas State Bar No. 00800490
Federal I.D. No. 10263

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the true and foregoing "Defendant's Motion for More Definite Statement Pursuant to Rule 12(e) FRCP" via Certified Mail, Return Receipt Requested to Mr. Denis Downey, Attorney at Law, 1185 FM 802, Suite No. 3, Brownsville, Texas 78526-1538.

June 9, 2003
DATE

NANCY L. MASSO
Assistant U.S. Attorney

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| NICASIO O. FLORES, | * |
| Plaintiffs, | * |
| v. | * CIVIL ACTION No. B-02-232 |
| ELAINE L. CHAO, In Her Official Capacity as Secretary, United States Department of Labor, | * |
| Defendant. | * |

## ORDER GRANTING DEFENDANT'S
## MOTION FOR MORE DEFINITE STATEMENT

Today, this Court considered the Defendant's Motion for More Definite Statement Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. Having reviewed the motion, the arguments of counsel and the pleadings on file herein, this Court finds that the Defendant's motion should be GRANTED as Plaintiff's complaint fails to articulate with sufficient factual detail the basis allegations so as to allow the Defendant to frame a response or address possible jurisdictional issues.

THEREFORE, IT IS ORDERED, that the Plaintiff herein provide a more definite statement of the factual and jurisdictional allegations supporting his complaint by way of filing an Amended Complaint no later than _____, 2003. Should Plaintiff fail to file an amended complaint in compliance with this order, the Court will consider a motion to strike the Plaintiff's pleadings.

Signed this ____ day of _____, 2003.

_____
ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE